UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
**PREMIUM SPORTS INC.,**

       Plaintiff,        **COMPLAINT**

 -against-             Civil Action No.

CARLOS VALENTE, Individually, and as officer, director, shareholder, and/or principal of RIO DOURO ITALIAN BISTRO INC., d/b/a RIO DOURO BISTRO BAR & RESTAURANT,

and

RIO DOURO ITALIAN BISTRO INC., d/b/a RIO DOURO BISTRO BAR & RESTAURANT,

       Defendants.
-------------------------------------------------------------------

  Plaintiff, **PREMIUM SPORTS INC.,** (hereinafter "Plaintiff"), by their attorneys, LONSTEIN LAW OFFICE P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

  1. This is a civil action seeking damages for violations of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

  2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section

§1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of New York (28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 112(c)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of New York and certain activities of Defendants giving rise to this action took place in the State of New York; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as the exclusive rights owner to the distribution of the satellite programming transmission signals, took place within the State of New York. Moreover, upon information and belief, Defendants have their principal place of business within the State of New York; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The Plaintiff is a California corporation with its principal place of business located at 170 Columbus Avenue, Suite 210, San Francisco, CA 94133.

6. The Plaintiff is the holder of the exclusive right to the distribution of the 2016 Benfica TV Games: Benfica v. Sporting match in the United States.

7. The Plaintiff is the holder of the exclusive right to publicly broadcast the 2016 Benfica TV Games: Benfica v. Sporting match in the United States as well as authorize and/or license the public exhibition of same to commercial entities.

8. Upon information and belief the Defendant, CARLOS VALENTE, resides at 338 Woodland Court, Coram, NY 11727.

9. Upon information and belief, RIO DOURO BISTRO BAR & RESTAURANT, is located and doing business at 800 Horseblock Road, Farmingville, NY 11738 (the "Establishment").

10. Upon information and belief, the Defendant, CARLOS VALENTE, is an officer, director, shareholder and/or principal of RIO DOURO ITALIAN BISTRO INC., d/b/a RIO DOURO BISTRO BAR & RESTAURANT.

11. Upon information and belief, the Defendant, CARLOS VALENTE, was the individual with supervisory capacity and control over the activities occurring within the Establishment on December 11, 2016.

12. Upon information and belief, the Defendant, CARLOS VALENTE, received a financial benefit from the operations of RIO DOURO ITALIAN BISTRO INC., d/b/a RIO DOURO BISTRO BAR & RESTAURANT on December 11, 2016.

13. Upon information and belief, the Defendant, CARLOS VALENTE, was the individual with close control over the internal operating procedures and employment practices of RIO DOURO ITALIAN BISTRO INC., d/b/a RIO DOURO BISTRO BAR & RESTAURANT on December 11, 2016.

14. Upon information and belief, the Defendant, RIO DOURO ITALIAN BISTRO INC., is a domestic corporation, incorporated and licensed to do business in the State of New York.

15. Upon information and belief, the Defendant, CARLOS VALENTE, advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as RIO DOURO BISTRO BAR & RESTAURANT.

16. Upon information and belief, the Defendant, RIO DOURO ITALIAN BISTRO INC., advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as RIO DOURO BISTRO BAR & RESTAURANT.

## COUNT I

17. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "16," inclusive, as though set forth herein at length.

18. Plaintiff is the owner of the exclusive right to distribute the 2016 Benfica TV Games: Benfica v. Sporting match in the United States scheduled for December 11, 2016, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

19. Plaintiff, for a licensing fee, entered into licensing agreements with various entities in the State of New York, allowing them to publicly exhibit the Broadcast to their patrons.

20. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff, unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Broadcast at the above address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

21. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then

re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.  In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.  Each of these methods would allow Defendants to access the Broadcast unlawfully.  Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast.  However, it is logical to conclude that Defendants utilized one of the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

22. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which Plaintiff had the distribution rights thereto.

23. By reason of the aforementioned conduct, the Defendants willfully violated 47 U.S.C. §605 (a).

24. By reason of the Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

25. As a result of the Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii)

of up to the maximum amount of $110,000.00 as to each Defendant.

26.   Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

27.   Plaintiff hereby incorporates paragraphs "1" through "16" and "18" through "21," inclusive, as though fully set forth herein.

28.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees did exhibit the Broadcast at the location of 800 Horseblock Road, Farmingville, NY 11738, at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

29.   47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights thereto.

30.   Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

31.    By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

32.   As a result of the aforementioned Defendants' violations of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

33. Plaintiff hereby incorporates paragraphs "1" through "16" and "18" through "21" and 28," inclusive, as though fully set forth herein.

34. Plaintiff is the owner of the exclusive right to distribute the 2016 Benfica TV Games: Benfica v. Sporting match in the United States scheduled for December 11, 2016, via closed circuit television and via encrypted satellite signal. An application for Certificate of Registration was filed with the U.S. Copyright Office on December 20, 2016. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

35. Plaintiff has exclusive rights to the Benfica v. Sporting Match, including the exclusive right of distribution of same and the exclusive right to publicly exhibit the Broadcast in the United States as well as authorize and/or license the public exhibition to commercial entities.

36. Defendants never obtained the proper authority or license from Plaintiff to publicly exhibit the Broadcast on December 11, 2016.

37. Upon information and belief, with full knowledge that the Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, Defendants and/or their agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on December 11, 2016.

38. Specifically, upon information and belief, the Defendants and/or their agents, servants, workmen and employees unlawfully obtained the Broadcast, enabling Defendants to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff.

39. By reason of the aforementioned conduct, the Defendants willfully violated 17

U.S.C. §501(a).

40. By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501(b).

41. As a result of Defendants' willful infringement of Plaintiff's exclusive distribution rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and §504(c)(2), of up to the maximum amount of $150,000.00.

42. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

WHEREFORE, the Plaintiff requests that judgment be entered in its favor and against each of the aforementioned Defendants granting to Plaintiff the following:

(a) Declare that Defendants' unauthorized exhibition of the December 11, 2016 Broadcast violated the Federal Communications Act and the U.S. Copyright Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain.

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each Defendant for their willful violation of 47 U.S.C. §605 (a); or

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each Defendant for their violation of 47 U.S.C. §553.

(d) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U.S.C. § 605 (e).

(e) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to each Defendant pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a).

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to

17 U. S. C. § 505, together with such other and further relief as this Court may deem just and proper.

Dated:   April 19, 2017
         Ellenville, New York

**PREMIUM SPORTS INC.**

By: /s/Christopher J. Hufnagel
CHRISTOPHER J. HUFNAGEL, ESQ. (CH8734)
LONSTEIN LAW OFFICE, P.C.
80 North Main Street, P.O. Box 351
Ellenville, New York    12428
Telephone: (845)647-8500
Facsimile: (845)647-6277
Email: Legal@signallaw.com
*Our File No. PSI16-11NY-01*